# In the United States Court of Federal Claims

No. 20-688L

(Filed: August 26, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **FLORAL ART, LLC,** *et al.*, | ) ) ) |
| *Plaintiffs,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

On July 26, 2021, the parties filed a joint status report in this rails-to-trails Fifth Amendment takings case.  ECF No. 33.  In that report, the parties informed the Court that the Surface Transportation Board has extended the expiration date of the Notice of Interim Use ("NITU") to June 5, 2022, to permit the City of Idaho Falls and the Eastern Idaho Railroad L.L.C. to continue negotiating a trail use agreement and that "[t]he Parties disagree about how the status of these negotiations should impact further proceedings[.]" *Id.* at 1.  On one hand, Plaintiffs argue that because all issues of title regarding Plaintiffs' properties have been resolved, the Court should immediately order a briefing schedule for summary judgment on liability.  *Id.* at 1–7.  On the other hand, the government contends that given the recent extension of the NITU and further uncertainty whether the ongoing negotiations will conclude in a trail use agreement for the entire rail corridor subject to the NITU (or for only a portion of the rail corridor), the Court should stay this case and have the parties file a status report every six months updating the Court on the progress of the trail use negotiations.  *Id.* at 7–9.  On August 23, 2021, the Court held a status conference with the parties to discuss these issues.  ECF No. 34.

In considering whether to stay a proceeding, a court must "weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

While "a delay in the receipt of money damages may not, standing alone, justify the denial of a motion to stay proceedings[,]" *Brown v. United States*, 131 Fed. Cl. 540, 543 n.5 (2017), the Court is also mindful that "entry of a stay so extensive that is immoderate or indefinite may be an abuse of discretion." *St. Bernard Par. Gov't v. United States*, 99 Fed. Cl. 765, 771 (2011) (internal quotation marks omitted).

After considering the parties' respective positions, the Court is hesitant to set a briefing schedule for summary judgment regarding whether the issuance of the NITU constitutes a temporary taking, which could be rendered moot should the City of Idaho Falls and the Eastern Idaho Railroad L.L.C. reach a trail use agreement. *See Collective Edge LLC v. United States*, No. 20-00034, ECF No. 38 (Fed. Cl. Aug. 19, 2021) (denying Plaintiffs' pending summary judgment motion for liability of a temporary taking as moot following the issuance of a trail use agreement). Plaintiffs' proposed approach to this case would effectively require the Court to bifurcate proceedings into separate temporary and permanent takings cases – an approach that will unnecessarily consume judicial resources, particularly, should the NITU ripen into a permanent taking by virtue of a trail use agreement, as noted above. Moreover, with regard to any permanent taking in this case, the government asserts, and Plaintiffs do not rebut, *see* ECF No. 33 at 1–7, that certain factual circumstances that may directly impact liability remain in flux. That said, the Court will not issue an indefinite stay, as that would certainly prejudice Plaintiffs' legitimate objective "of obtaining just compensation for the federal government's purported taking of their property." *Brown*, 131 Fed. Cl. at 543; *see also Balagna v. United States*, 138 Fed. Cl. 398, 406–07 (2018) (denying the government's request for a stay "for an apparently indefinite period of time while the railroad and the trail sponsor continue their negotiations").

Accordingly, in balancing the parties' competing interests, the Court orders that this case is hereby **STAYED** until the earlier of **June 5, 2022** (the NITU's current expiration date) or the conclusion of the trail use agreement negotiations. At that point, **within 14 days of the stay's expiration**, the parties shall file a joint status report, updating the Court and proposing a schedule for further proceedings.

**IT IS SO ORDERED**.

s/Matthew H. Solomson  
Matthew H. Solomson  
Judge